**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IHOR BOB RYBAK,** **Plaintiff** | : | |
| **v.** | : | **C.A. No.** CA 07 407S |
| **GTECH CORPORATION,** **Defendant** | : | |

**VERIFIED COMPLAINT**

## I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief and damages relative to a non-competition agreement entered into between the Plaintiff and Defendant.

## II. Parties

1. The Plaintiff is a Canadian citizen and resides in the Town of North Kingstown, County of Washington, State of Rhode Island.

2. Defendant GTECH Corporation ("GTECH") is corporation organized and existing under the laws of the State of Delaware with a principal place of business located in the City of Providence, County of Providence, State of Rhode Island.

## III. Jurisdiction

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.

## IV. Venue

4. Venue is proper in this Court insofar as the Defendant is doing business and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

5. That the Plaintiff has been involved or employed in the gaming systems/technology industry for approximately four (4) years.

6. In July, 2003, the Plaintiff was hired by Spielo Manufacturing Incorporated ("Spielo"). In or about April, 2004, Spielo was formally acquired by Defendant GTECH and, thereafter, the Plaintiff became employed by Defendant GTECH as Senior Director, Technology.

7. On or about July 30, 2004, the Plaintiff and Defendant entered into a written agreement, entitled "Restrictive Agreement-Employee/Applicant" (hereinafter referred to as "Agreement").

8. The Agreement contained various provisions, including clause 4, entitled "Non-Competition," which states:

> During Employment and for three (3) years immediately thereafter, Employee shall not disturb any business relationship between GTECH and its employees, dealers, customers, suppliers or other business associates. During Employment and for eighteen (18) months immediately thereafter, Employee shall not directly or indirectly engage in any activity (if such activity is reasonably related to any activity engaged in by Employee as an employee of the Company) in conjunction with and to the benefit of any business or endeavor which is reasonably deemed by GTECH to be, or about to be in competition with Services and Products anywhere in the world where GTECH is then doing or pursuing business or is to Employee's knowledge about to do or pursue business.
>
> Employee shall promptly notify GTECH of any change in address, non-Company employment or business activity occurring within eighteen (18) months after termination of Employment. Such notice shall include the name and address of each such employer as well as the nature of each such non-Company employment or business activity.

9. The Agreement defined "Services and Products" as "All gaming systems and equipment and all other products and services the Company markets or provides or which to Employee's knowledge the Company plans to market or provide."

10. That the term "Services and Products" as defined in the Agreement is unreasonable and overbroad and fails to specifically address the services and/or products the Plaintiff was associated with while employed by Defendant GTECH.

11. That the products or services offered by Defendant GTECH are not materially distinguishable from services and products offered by its numerous competitors in the relevant markets.

12. That the services and products offered by Defendant GTECH are not "trade secrets" or "confidential information," but rather are part of the general knowledge, skill, and expertise acquired by anyone who has worked in the industry as long as the Plaintiff.

13. That the Plaintiff did not have access to any information entitled to protection as either trade secrets or confidential information of Defendant GTECH.

14. That the Plaintiff did not have access to "confidential" customer lists or other similar "confidential" or "proprietary" information.

15. That the Plaintiff did not receive any specialized training, guidance or assistance relative to the gaming systems/technology industry from Defendant GTECH.

16. That while employed by Defendant GTECH, the Plaintiff simply utilized the knowledge he gained prior to his employment with Defendant GTECH.

17. The Non-Competition Clause contained in the Agreement is void and unenforceable and in contravention of the laws of the State of Rhode Island in that it is in restraint of trade insofar as Defendant GTECH has no legitimate business interest worthy of protection.

18. The Non-Competition Clause is against public policy in that it constitutes an attempt on the part of Defendant GTECH to interfere with Plaintiff's right to earn a livelihood.

19. The Non-Competition Clause is harsh, inequitable, unreasonable, unfair and unenforceable, and is furthermore in contravention of the laws of the State of Rhode Island on account of excessive restrictions as to time and as to area within which competition by Plaintiff with Defendant is attempted to be restricted.

20. That the eighteen (18) month non-compete restriction contained within the Non-Competition Clause is overly broad and unreasonable insofar the gaming systems/technology industry is constantly changing and evolving which renders the eighteen (18) period as unnecessary or otherwise moot.

21. That the Non-Competition Clause attempts to restrict the Plaintiff from working "anywhere in the world" where Defendant GTECH conducts business or is "pursuing business" or is to Plaintiff's "knowledge about to do or pursue business."

22. That the foregoing geographic scope of the restriction fails to specifically state whether the Plaintiff is restricted from working in or on any locality, city, state, country, or continent where Defendant GTECH conducts business or is "pursuing business" or is to Plaintiff's "knowledge about to do or pursue business." Such a restriction is overbroad and unreasonable in scope.

23. That Defendant GTECH has asserted its intention of enforcing the contract with respect to the Non-Competition Clause and has asserted its intention to prevent the Plaintiff from engaging in any business even remotely competitive with that of Defendant GTECH.

24. That Defendant GTECH has expressed its purpose and intention to institute an action to enjoin and restrain the Plaintiff during the period of time provided in the Non-Competition Clause from performing any employment work that could be considered by Defendant GTECH as competitive to its business.

25. As a proximate result of the Non-Competition Clause as described above, the Plaintiff has suffered and will continue to suffer loss of income, including future salary, pension benefits, and other great damage.

## VI. Prayers for Relief

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that the Non-Competition Clause as described above is void, unenforceable, and in contravention of the laws of the State of Rhode Island.

2. Enjoining and permanently restraining the Defendant from enforcing the Non-Competition Clause as described above.

3. Award Plaintiff reasonable attorney's fees and costs of litigation.

4. Such other and further relief as the Court deems just and proper.

## VII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## VIII. Designation of Trial Counsel

Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

## IX. Verification

I, Ihor Bob Rybak, hereby verify that I have read the foregoing Verified Complaint and that the allegations contained therein are true and accurate, except for those based on information and belief, and as to those I believe them to be true and accurate.

Signed under the pains and penalties of perjury this 1st day of November, 2007.

____________________________
Ihor Bob Rybak

Subscribed and sworn to me in the City/Town of Cranston, in the County of Providence State of Rhode Island, this 1st day of November, 2007.

Notary Public: ____________
My commission expires: 11/24/07